IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BUCKHORN CATTLE COMPANY, an Oklahoma General Partnership, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-14-1212-D |
| ROBERT LEE WILLIAMS, JR., *et al.*, | ) ) | |
| Defendants. | ) | |

# **O R D E R**

The Court has reviewed the Notice of Removal and finds insufficient allegations to establish the existence of subject matter jurisdiction under 28 U.S.C. § 1332, as asserted by Defendants.[1]  *See* Notice of Removal [Doc. No. 1], ¶ 6. Specifically, Defendants fail to provide necessary facts regarding the citizenship of Plaintiff Buckhorn Cattle Company, which is alleged to be a general partnership. The citizenship of a partnership is the citizenship of all partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). The pleadings in this case neither identify Buckhorn Cattle Company's partners nor allege their citizenship. Thus, no factual basis for diversity jurisdiction is shown.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

IT IS THEREFORE ORDERED that Defendants shall file an amended Notice of Removal to allege the existence of diversity jurisdiction within 7 days from the date of this Order.[2]

IT IS SO ORDERED this 7th day of November, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Defendants need not re-file the exhibits attached to the Notice of Removal but may incorporate them by reference pursuant to Fed. R. Civ. P. 10(c).