IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BUCKHORN CATTLE COMPANY,<br>an Oklahoma General Partnership, *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>ROBERT LEE WILLIAMS, JR., *et al.*,<br><br>          Defendants. | Case No. CIV-14-1212-D |

## **ORDER**

Before the Court is Plaintiffs' Motion for Summary Judgment [Doc. No. 21], filed pursuant to Fed. R. Civ. P. 56. Plaintiff Buckhorn Cattle Company and its general partners, Hugh B. Adams and Sharon L. Adams (collectively, "Plaintiffs"), move for summary judgment on their claims against Defendant Barbara Lynn Dotter ("Dotter").[1] Dotter has made no response to Plaintiffs' Motion, and thus as to this defendant, the Court deems the Motion confessed pursuant to LCvR7.1(g). Further, pursuant to LCvR56.1(c) and Fed. R. Civ. P. 56(e), the Court considers all material facts presented by Plaintiffs that are properly supported in the manner required by Rule 56 to be undisputed for purposes of the Motion.[2]

---

[1] The Clerk has entered the default of Defendant Robert Lee Williams, Jr. pursuant to Fed. R. Civ. P. 55(a), and thus Plaintiffs do not seek summary judgment against him. Plaintiffs initially sought summary judgment on their claims against Defendant Diana Jane Brogan Williams ("Brogan") and her counterclaims. Brogan timely opposed the Motion, and Plaintiffs subsequently requested a judicial settlement conference. The conference was conducted by Magistrate Judge Bernard M. Jones on January 19, 2016, between Plaintiffs and Brogan only, and resulted in a settlement agreement between these parties. Therefore, the part of the Motion directed at the controversy between Plaintiffs and Brogan is moot.

[2] Facts pertinent only to Plaintiffs' claims against Brogan and her counterclaims are immaterial to the remaining summary judgment issues and, therefore, are disregarded. *See supra* note 1.

## Factual and Procedural Background

Plaintiffs commenced this action in state court against a former employee of Buckhorn Cattle Company, Defendant Robert Lee Williams, Jr., and two women who at separate times were married to him and lived with him in an employer-owned residence that served as part of his compensation package. Plaintiffs sought damages for embezzlement and conversion of cattle, equipment, and other personal property, breach of contract, and unjust enrichment. One defendant timely removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332, and asserted counterclaims for damages and replevin of her personal property. Shortly after obtaining an entry of default against Mr. Williams, Plaintiffs filed the instant Motion seeking summary judgment against the other defendants. Only Plaintiffs' claims against Dotter are currently at issue. *See supra* note 1.

## Standard of Decision

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id*.

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see* Fed. R. Civ. P. 56(c)(1)(A). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### Statement of Undisputed Material Facts

Mr. Williams was employed by Buckhorn Cattle Company ("Buckhorn") as a ranch foreman in Logan County, Oklahoma. In this position, Mr. Williams lived on Buckhorn's ranch property in a residence provided for him and his wife, and he was in charge and had possession of all cattle and personal property of Buckhorn located at the ranch. From January 2014 through September 2014, Mr. Williams embezzled and converted to his own personal use, in violation of his employment contract, property belonging to Buckhorn that had a total value of $121,732.30, including 84 head of Angus cattle, 700 pounds of alfalfa seed, cattle equipment, and other personal property. As part of the scheme, Mr. Williams took Buckhorn's cattle to various stockyards, sold the cattle in his name or the name of his wife, and kept the money received as proceeds of the sale.

Dotter was married to Mr. Williams during part of the time that the embezzlement and conversion scheme was in operation. She divorced Mr. Williams in June 2014. During their marriage, Dotter aided Mr. Williams in committing the embezzlement and conversion by sending false reports of cattle counts to Buckhorn via email. Dotter's conduct prevented Plaintiffs from learning that cattle were disappearing from the ranch, and enabled Mr. Williams to hide his wrongful conduct from Plaintiffs until he left Buckhorn's employment in September 2014.

**Discussion**

Plaintiffs assert two theories of tort liability – civil embezzlement and conversion – to recover an award of damages for a single injury. Under these circumstances, the Court need only determine whether liability is established under either theory. Oklahoma law regarding the tort of conversion is well settled and the elements of liability are clear:[3]

> Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. It is not necessary to constitute a conversion that the property come into the defendant's possession wrongfully. Nor is it necessary that the alleged converter apply the property to his own use, or be in bad faith.

*Steenbergen v. First Fed. Sav. & Loan of Chickasha*, 753 P.2d 1330, 1332 (1987) (citations omitted).

> In terms of essential elements, one seeking damages for conversion must plead and prove (a) he owns or has a right to possess the property in question,

---

[3] On the other hand, Plaintiffs' citations of authority regarding Oklahoma law on civil embezzlement are cases discussing elements of criminal liability under criminal embezzlement statutes. *See* Pls.' Mot. Summ. J. [Doc. No. 21], p.3 (citing *Morrison v. State*, 792 P.2d 1189 (Okla. Crim. App. 1990) (applying Okla. Stat. tit. 21, § 1454).

4

(b) that defendant wrongfully interfered with such property right, and (c) the extent of his damages.

*White v. Webber-Workman Co.*, 591 P.2d 348, 350 (Okla. Civ. App. 1979) (cited approvingly in *Steenbergen*). Where the undisputed facts establish all elements of conversion, summary judgment may properly be entered in the plaintiff's favor. *See*, *e.g.*, *Steenbergen*, 753 P.2d at 1333. Under the undisputed facts shown by the summary judgment record in this case, Plaintiffs are entitled to prevail on their conversion claim as a matter of law.

As to Dotter's liability for conversion committed by Mr. Williams with her assistance, it is a well-established principle of Oklahoma law that: "To make persons joint tort-feasors concert of action and common intent and purpose are generally necessary, though all who aid, command, advise, or countenance the commission of a tort by another are liable in the same manner as when they do it with their own hands." *Hammond v. Kansas, Okla. & Gulf Ry. Co.*, 234 P. 731, 732 (Okla. 1925) (citations omitted). Stated another way, "tortfeasors are thought of as joint tortfeasors when there is some concerted action on their part causing injury – when there is some common purpose or design. In such a situation, i.e. where the tortfeasors act in concert, in pursuit of a common design, they have each historically been held liable for the entire result or damage done." *Kirkpatrick v. Chrysler Corp.*, 920 P.2d 122, 126 (Okla. 1996) (citation to *Hammond* omitted).

In this case, the undisputed facts established by the summary judgment record permit only one reasonable conclusion, that is, Dotter acted in concert with Mr. Williams in pursuit of a common purpose or design to convert Buckhorn's personal property. Therefore, Dotter

is a joint tortfeasor with Mr. Williams, and has joint and several liability for the amount of resulting damages shown by the record.

## Conclusion

For these reasons, the Court finds that Plaintiffs are entitled to summary judgment on their claims against Defendant Dotter. But due to the compromise and settlement agreement between Plaintiffs and Defendant Brogan, the Court finds Plaintiffs' Motion is moot with respect to these parties. *See supra* note 1.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment [Doc. No. 21] is GRANTED in part and DENIED in part, as set forth herein. When final judgment regarding all parties and claims is entered, Plaintiffs shall have a summary judgment against Defendant Barbara Lynn Dotter awarding damages in the amount of $121,732.30.

IT IS SO ORDERED this 3rd day of February, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE